VERLIN J. ALEXANDER, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff BelowA-ppellee.
No. 337, 2008.
Supreme Court of Delaware.
Submitted: September 29, 2008.
Decided: November 5, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 5th day of November 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Verlin J. Alexander, filed an appeal from the Superior Court's June 12, 2008 order denying his motion for postconviction relief. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and AFFIRM.
(2) In January 2006, the grand jury charged Alexander with 3 counts of Rape in the First Degree. After his first trial resulted in a hung jury and before the start of his second trial, Alexander pleaded no contest to one count of Rape in the Third Degree. He was sentenced to 20 years of Level V incarceration, to be suspended after 10 years for 10 years of Level IV supervision, in turn to be suspended after 1 year for 2 years at Level III.
(3) In this appeal, Alexander claims that the Superior Court erred and abused its discretion when it denied his postconviction claims. He specifically alleges that a) the procedures required by the Uniform Agreement on Detainers were not utilized in extraditing him from Pennsylvania to Delaware, resulting in a violation of his right to a speedy trial; and b) his counsel provided ineffective assistance by failing to move to dismiss the indictment on that basis.[1]
(4) The record in this case reflects that Alexander pleaded no contest to Rape in the Third Degree. His plea resulted in a finding of guilt.[2] Alexander does not claim that his plea was entered involuntarily. This Court has long held that a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea.[3] Because Alexander's claim of improprieties under the Uniform Agreement on Detainers implicates alleged errors or defects occurring prior to the entry of his plea, we conclude that the claim has been waived. We, therefore, affirm the Superior Court's denial of Alexander's first claim, albeit on grounds different from those relied upon by the Superior Court.[4]
(5) Alexander's second claim is that his counsel provided ineffective assistance by failing to file a motion to dismiss the indictment when he became aware that the proper procedures for his extradition were not followed, resulting in a speedy trial violation. This claim, like Alexander's first, implicates alleged errors or defects occurring prior to the entry of his plea and, like his first claim, we deem it to have been waived.[5] Again, we affirm the Superior Court's denial of the claim, albeit on grounds different from those relied upon by the Superior Court.[6]
(6) It is manifest on the face of the opening brief that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED.
The judgment of the Superior Court is AFFIRMED.
NOTES
[1] The Superior Court denied these claims pursuant to Rule 61(i) (4), which bars any claim that has been previously adjudicated.
[2] Henry v. State, Del. Supr., No. 207, 2003, Steele, J. (Oct. 7, 2003).
[3] Miller v. State, 840 A.2d 1229, 1232 (Del. 2003).
[4] Unitrin v. American General Corp., 651 A.2d 1361, 1390 (Del. 1995).
[5] Miller v. State, 840 A.2d at 1232.
[6] Unitrin v. American General Corp., 651 A.2d at 1390.