IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANK DAVENPORT, | § | |
| | § | |
| Defendant Below– | § | No. 428, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1401014417 (N) |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: April 12, 2019
Decided: June 17, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Frank Davenport, filed this appeal from the Superior Court's July 24, 2018 memorandum opinion denying his first motion for postconviction relief.[1] After careful consideration, we find no merit to the appeal. Thus, we affirm the Superior Court's judgment.

(2) The record reflects that Davenport entered a no-contest plea to manslaughter and possession of a firearm during the commission of a felony

---

[1] *State v. Davenport*, 2018 WL 3584437 (Del. Super. Ct. July 24, 2018).

on May 27, 2015. In exchange for his plea, the State agreed to cap its sentencing recommendation at ten years of Level V incarceration. Following a presentence investigation, the Superior Court sentenced Davenport to twenty years of Level V incarceration, followed by decreasing levels of supervision. We affirmed the Superior Court's sentence on direct appeal.[2]

(3) Davenport timely moved for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"), raising three claims. First, Davenport claimed that the State's belated production of a sentencing packet to defense counsel the day before the sentencing hearing, when it had provided the packet to the Superior Court eleven days earlier, violated his federal due process rights. Second, he alleged that the State's presentation at the sentencing hearing was "inaccurate, unchallenged, and questionable"[3] and also violated his federal due process rights. Third, Davenport claimed that his lawyers provided ineffective assistance in connection with the sentencing hearing. The Superior Court concluded that Davenport's claims, save his claims of ineffective assistance of counsel, were barred as either procedurally defaulted or previously adjudicated. After considering the merits of Davenport's

---

[2] *Davenport v. State*, 2016 WL 6156170 (Del. Oct. 21, 2016), *cert. denied*, 137 S. Ct. 1447 (2017).
[3] Mt. for Postconviction Relief, at p. 3 ¶12.

2

ineffective assistance of counsel claims, the Superior Court concluded that they lacked merit and denied Davenport's motion.  This appeal followed.

(4)  Davenport now argues that the Superior Court erred in its application of Rule 61's procedural default rules and its failure to hold an evidentiary hearing.  He also claims—now for the first time—that his sentence constitutes cruel and unusual punishment.  Finally, Davenport claims to have uncovered new evidence that casts doubt on the credibility of the forensic evidence relied upon by the Superior Court in its sentencing decision.

(5)  The Court reviews the denial of a motion for postconviction relief for an abuse of discretion.[4]  We review constitutional claims, including ineffective assistance of counsel, *de novo*.[5]  The Court must consider the procedural requirements of Rule 61 before it addresses any substantive claim.[6]

(6)  The main thrust of Davenport's first two arguments, both of which challenge the fairness of his sentencing hearing, appears to be  that the Superior Court's application of Rule 61's procedural default rules involved an improper "circular" analysis.  That is, Davenport theorizes that it was illogical for the Superior Court to find both that trial counsel had failed to raise objections, thereby concluding that his claims were procedurally barred, and,

---

[4] *Urquhart v. State*, 203 A.3d 719, 726 (Del. 2019).
[5] *Id.*; *Starling v. State*, 130 A.3d 316, 325 (Del. 2015).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

at the same time, find that trial counsel raised appropriate objections in support of its conclusion that his claims were barred as previously adjudicated.

(7) Postconviction relief is a collateral remedy that provides an avenue to challenge a conviction that has otherwise become final.[7] It is not a substitute for a direct appeal.[8] Accordingly, Rule 61's procedural bars must be considered before the merits of any claim.[9] Here, the Superior Court properly relied upon two procedural bars in dismissing several of Davenport's claims. First, the Superior Court employed counsel's failure to object to the State's alleged improper behavior—including the late delivery of the packet, the "inflammatory" contents of the packet, and the State's reference to Davenport as "homeless"—to defeat Davenport's claims because those claims could have been raised at the sentencing hearing. Second, the Superior Court applied the former adjudication bar to dispose of Davenport's current claim that the Superior Court relied on improper aggravators at sentencing because Davenport argued on direct appeal that the Superior Court considered improper SENTAC factors at sentencing.

---

[7] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).
[8] *Id.*
[9] *Id.*

4

(8) Davenport also argues that the Superior Court should have held an evidentiary hearing on his Rule 61 motion.[10] Under Rule 61(h)(1), the Superior Court may hold an evidentiary hearing on a postconviction motion if it determines one would be desirable.[11] We review the Superior Court's decision not to hold a hearing for abuse of discretion.[12] After careful consideration, we conclude that the Superior Court did not abuse its discretion in this case. The judge who considered Davenport's request for postconviction relief was the same judge who accepted Davenport's plea and sentenced him. In addition, she had been specially assigned to Davenport's case since it had been accepted in Superior Court and had seen and read the parties' expert reports before sentencing. The record below was sufficient to permit the Superior Court to consider Davenport's claims without holding a hearing.

---

[10] In connection with this claim, Davenport argues that the Superior Court should have held a hearing to permit him to challenge the aggravating factors the Superior Court cited in its sentencing decision. But this Court has already upheld the validity of Davenport's sentence and the grounds relied upon by the Superior Court in fashioning Davenport's sentence. *Davenport*, 2016 WL 6156170, at *3 ([T]he Superior Court permissibly exercised its discretion to base its sentence on an overall assessment of Davenport's tumultuous relationship with Wilson and that relationship's horrific ending.").

[11] Rule 61(h)(1) ("After considering the motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable.").

[12] *Harrell v. State*, 2018 WL 4049127, at *1 (Del. Aug. 23, 2018).

(9)    Turning to Davenport's substantive claims of ineffective assistance of counsel, we have carefully considered the record and conclude that the Superior Court's consideration of Rule 61's procedural bars did not obstruct Davenport's ability to raise ineffective assistance of counsel claims. Although the Superior Court found some of Davenport's claims to be procedurally barred—because of counsel's failure to object at the time or due to counsel's failure to raise the issue on direct appeal—it thoroughly examined Davenport's ineffective assistance of counsel claims under the performance and prejudice standard established by the United States Supreme Court in *Strickland v. Washington*.[13]

The Superior Court found, and we agree, that trial counsel made a reasonable strategic decision to challenge the information contained in the State's case summary on its merits as opposed to the admission of the summary as a whole. The record reflects that counsel effectively responded to the personal narrative and the forensic information contained in the summary and argued that the court should not consider these factors in sentencing. Trial counsel's decision to challenge the substance of the case summary was objectively reasonable and, in any event, Davenport cannot demonstrate he was prejudiced by trial counsel's strategic decision.

---

[13] 466 U.S. 668, 698-700 (1984).

The Superior Court also correctly held that trial counsel were not required to consult with Davenport to decide how to respond to the State's submission of the case summary. Although a defendant has the ultimate authority to make certain decisions, an attorney's duty to consult with his client does not require that counsel obtain his client's consent to every tactical decision.[14] We conclude that the Superior Court did not abuse its discretion in denying Davenport's ineffective assistance of counsel claims.

(10) Davenport next alleges that his sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution. Because this claim was not properly presented below, this Court ordinarily will not entertain it.[15] Here, the claim is also procedurally barred under Rule 61(i)(3).[16] In order to excuse this procedural bar, Davenport must show both cause and prejudice. Although Davenport alleges he can demonstrate prejudice,[17] he has not endeavored to show cause. Finally, and

---

[14] *Florida v. Nixon*, 543 U.S. 175, 187 (2004).

[15] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[16] Del. Super Ct. R. 61(i)(3) ("Any ground for relief that was not asserted in the proceeding leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) [c]ause for relief from the procedural default and (b) [p]rejudice from violation of the movant's rights.").

[17] Davenport argues he can demonstrate prejudice to excuse the procedural bar because the judge considered inadmissible evidence when she sentenced him. However, the Superior Court is not bound by the rules of evidence in a sentencing proceeding. D.R.E. 1101(b).

as noted above, this Court has already upheld the legality of Davenport's sentence. For these reasons, we will not consider his Eighth Amendment claim on the merits.

(11) Finally, Davenport contends that he has identified new evidence affecting a State's forensics expert's credibility. After the Superior Court denied Davenport's motion for postconviction relief, Carl Rone, a firearms and tool mark examiner for the Delaware State Police, was arrested for theft by false pretense and falsifying business records.[18] Although Davenport did not—because he could not—raise this claim in his Rule 61 motion, we nonetheless consider this issue on appeal in the interests of justice.[19] Davenport cites this Court's decision in *Fowler v. State*[20] in support of his theory that he is entitled to postconviction relief. But our decision in *Fowler* is inapposite. In that case, Fowler went to trial and was found guilty. The credibility of the ballistics evidence was an important issue at trial. In fact, during Fowler's postconviction proceedings, the State relied on the strength

---

[18] Rone was charged with these offenses for falsifying time sheets.

[19] Del. Supr. R. 8; *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015). Davenport also argues that the credibility of Dr. Vincent Di Maio has been called into question. In support of that allegation, he cites a change.org petition calling for the revocation of Di Maio's license. The existence of this petition is not "new evidence." Likewise, Davenport argues that Delaware's former medical examiner's credibility has since been called into question. Dr. Richard Callery pleaded no contest to official misconduct in 2015, before Davenport filed his motion for postconviction relief in the Superior Court.

[20] 194 A.3d 16 (Del. 2018).

of the ballistics evidence introduced at trial to excuse the State's serious discovery violations. We held, "[w]hen the reliability of [all] of the key evidence the State used [to establish the defendant's guilt] has been called into question, Rule 61 requires setting aside the conviction."[21] That is not the case here. Davenport entered a no-contest plea. For all intents and purposes, a no-contest plea operates as a guilty plea, and Davenport waived certain constitutional trial and appellate rights by pleading no contest.[22] Evidence that challenges the credibility of a witness constitutes impeachment evidence. A defendant has no constitutional right to receive impeachment evidence before deciding to plead guilty or no contest, and Davenport's knowing, intelligent, and voluntary no-contest plea waived any right he had to test the strength of the State's evidence against him at trial, including the weight of any firearms evidence.[23]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[21] *Id.* at 18.

[22] *Alexander v. State*, 2008 WL 4809624, at *1 (Del. Nov. 5, 2008); *State v. Connor*, 2005 WL 147931, at * 4 (Del. Super. Ct. Jan. 19, 2005).

[23] *See Brown*, 108 A.3d at 1202.