IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO SOTO, | § | |
| | § | No. 607, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1710001432 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  April 30, 2019
Decided:  June 18, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1) In January 2018, the appellant, Francisco Soto, was indicted for multiple crimes including Rape in the First Degree and Unlawful Sexual Contact in the First Degree. On July 30, 2018, Soto pled no contest to two counts of Unlawful Sexual Contact in the First Degree in exchange for the State's dismissal of the remaining charges. The State also agreed not to recommend more than eight years of unsuspended Level V incarceration. On November 30, 2018, the Superior Court sentenced Soto, effective October 5, 2017, as follows: (i) for the first count of

Unlawful Sexual Contact in the First Degree, eight years of Level V incarceration suspended after four years for decreasing levels of supervision; and (ii) for the second count of Unlawful Sexual Contact, eight years of Level V incarceration, suspended after four years for two years of Level III probation. This appeal followed.

(2) On appeal, Soto's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Soto of the provisions of Rule 26(c) and provided Soto with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Soto of his right to identify any points he wished this Court to consider on appeal. Soto has submitted arguments for this Court's consideration. The State has responded to Soto's arguments and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5)     Soto's arguments on appeal may be summarized as follows: (i) his plea was not knowing, intelligent, and voluntary; (ii) the charges were based on hearsay and conflicting evidence; (iii) a stranger was permitted to speak at his sentencing, but his family was not; (iv) his sentence violated the Sentencing Accountability Commission ("SENTAC") guidelines and the Eighth Amendment prohibition against cruel and unusual punishment; and (v) his counsel was ineffective.  We do not address Soto's ineffective assistance claims because we do not consider such claims for the first time on direct appeal.[2]   After careful consideration of the remaining claims, we find no merit to Soto's appeal.

(6)     The record reflects that Soto's no contest plea was knowing, intelligent, and voluntary.  During the plea colloquy, Soto affirmed that he had reviewed and discussed the plea agreement and Truth–In–Sentencing Guilty Plea form[3] with his counsel.  Soto further affirmed that he understood that he could be sentenced to up to 16 years in prison, that no one promised him what his sentence would be, and that the State  had enough evidence to prove him guilty beyond a reasonable doubt of

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[3] The references to "guilty" were stricken and replaced with "no contest."  Appendix to State's Response at B12-13.

3

Unlawful Sexual Contact in the First Degree. In the Truth-in-Sentencing form, Soto indicated that he freely and voluntarily decided to plead no contest and that he understood he was waiving certain constitutional rights, including his right to question the witnesses against him and present evidence in his own defense. Absent clear and convincing evidence to the contrary, which he has not identified, Soto is bound by his representations during the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[4] As a result of his knowing, intelligent, and voluntary no-contest plea, Soto waived his right to challenge the evidence against him.[5]

(7) The "stranger" who spoke at Soto's sentencing was the stepfather of the two children with whom Soto was alleged to have had unlawful sexual contact. Soto did not object to the children's stepfather speaking or ask that his own family members speak on his behalf. This claim is without merit.

(8) Finally, the sentence did not violate the Eighth Amendment. The sentence was neither excessive nor grossly disproportionate.[6] The Superior Court could have sentenced Soto to up to sixteen years of unsuspended Level V time,[7] but instead sentenced him to eight years of unsuspended Level V time. As to Soto's

---

[4] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[5] *Alexander v. State*, 2008 WL 4809624, at *1 (Del. Nov. 5, 2008); *Ayres v. State*, 2002 WL 1836600, at *1 (Del. Aug. 9, 2002).

[6] *Wallace v. State*, 956 A.2d 630, 639 (Del. 2008) ("The Eighth Amendment has been interpreted to prohibit only punishments that are disproportionate to the crime or are excessive.").

[7] 11 *Del. C.* § 769(b) ("Unlawful sexual contact in the first degree is a class D felony."); 11 *Del. C.* § 4201(b)(4) (providing that the maximum penalty for a class D felony is eight years of imprisonment).

claim that his sentence violated SENTAC guidelines, the guidelines are non-binding and do not provide a basis for appeal of a sentence that is within statutory authorized limits as in this case.[8]

(9)     Having carefully reviewed the record, we conclude that Soto's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Soto could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).

5