IN THE SUPREME COURT OF THE STATE OF DELAWARE

JASON SLAUGHTER, §
§
Defendant-Below § No. 87, 2021
Appellant, §
§ Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1207010738(N)
STATE OF DELAWARE, §
§
Plaintiff-Below, §
Appellee. §
§

Submitted: November 17, 2021
Decided: January 25, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

This 25th day of January, 2022, after careful consideration of the parties'
briefs, the argument of counsel, and the record on appeal, it appears to the Court
that:

(1)    Subject to the qualification discussed below, the judgment of the
Superior Court should be affirmed on the basis of its February 16, 2021 Opinion
and Order.[1]

(2)    We agree with the Superior Court that Slaughter's postconviction
claims lacks merit.  More specifically, we agree that Slaughter's claim that his

---

[1] *State v. Slaughter*, 2021 WL 608756 (Del. Super. Ct. Feb. 16, 2021).

waiver of rights under the Interstate Agreement on Detainers[2] was involuntary is procedurally barred under Del. Super. Ct. Civ. R. 61(i)(3).

(3) The Superior Court's conclusion that Slaughter's ineffective-assistance-of-counsel claims do not pass muster under *Strickland v. Washington*[3] is also correct. It was not objectively unreasonable for Slaughter's counsel to forgo the filing of an appeal after Slaughter entered a guilty plea explicitly waiving his right to appeal. And Slaughter suffered no prejudice as the result of his counsel's failure to push for a trial date, in what was at the time a capital case, within approximately three months of counsel's appointment. It is questionable whether Slaughter, whose life was literally on the line, would have assented to such a strategy; it is virtually certain, however, that as the Superior Court's opinion suggests, the court would have exercised its authority under 11 *Del. C.* § 2543(c) to grant a "necessary or reasonable continuance."

(4) We disagree, though, with the Superior Court's conclusion that Slaughter's ineffective-assistance-of-counsel claims were procedurally barred.

(5) Although in *Alexander v. State*[4] we affirmed the Superior Court's dismissal of an ineffective-assistance-of-counsel claim after a guilty plea and stated that the claim had been waived, we did not explain how the waiver operated.

---

[2] 11 *Del. C.* §§ 2540–2550.
[3] *Strickland v. Washington*, 466 U.S. 668 (1984).
[4] *Alexander v. State*, 962 A.2d 256, 2008 WL 4809624, at *1 (Del. Nov. 5, 2008) (TABLE).

*Alexander* cited our decision in *Miller v. State*,[5] which explicitly recognizes that a guilty plea does not by implication extinguish a claim of ineffective assistance of counsel. As we more recently explained, "ineffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent."[6] And this is consistent with our earlier precedent recognizing that, because "claim[s] of ineffective assistance of counsel[] [are] ground[s] not assertable on direct appeal but appropriate in motions for postconviction relief,"[7] they are not procedurally barred in postconviction relief proceedings.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *Miller v. State*, 840 A.2d 1229, 1231 (Del. 2003) ("In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must show that, but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial.").

[6] *Green v. State*, 238 A. 3d 160, 175 (Del. 2020).

[7] *MacDonald v. State*, 778 A.2d 1064, 1071 (Del. 2001) (reviewing, among other things, defense counsel's lack of investigation before entry of guilty plea, as relevant to effectiveness of counsel and voluntariness of plea).

3