# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
         )
         )
    v.          )     Cr. ID. Nos. 2212001375
         )                2212002294
         )                2212002459
LOUIS MYERS,          )
         )
    Defendant.     )

Submitted: July 8, 2024
Decided: August 20, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

William L. Raisis, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Tiffany Anders, Assistant Public Defender, Wilmington, Delaware.

Louis Myers, Howard R. Young Correctional Institution, P.O. Box 9561, Wilmington, DE 19809, *pro se*.

**O'CONNOR,** Commissioner.

This 20th day of August, 2024, upon consideration of Defendant's Motion for Postconviction Relief;[1] the State's Response in Opposition to Defendant's Motion for Postconviction Relief;[2] and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND

On or about December 4, 2022, Louis Myers ("Defendant") was arrested by the Delaware State Police ("DSP") for Possession of a Firearm During the Commission of a Felony; Possession of a Firearm by a Person Prohibited; two counts of Possession of Firearm Ammunition by a Person Prohibited; Receiving a Stolen Firearm; Receiving Stolen Property (> $1,500); Disregarding a Police Officer Signal; Providing a False Statement to Law Enforcement; Possession of a Controlled Substance (Marijuana); Driving while License Suspended or Revoked; Aggressive Driving; Speeding; Failure to Stop at a Red Light; and Failure to Signal before Turning.[3]

The above-referenced charges were the result of a vehicle pursuit which occurred on December 4, 2022 at approximately 0014 hours.[4]  Specifically, DSP officers were notified that Pennsylvania police officers were pursuing a stolen

---

[1]  Docket Item ("D.I.") 24.  For purposes of this Report and Recommendation, all docket item references relate to Superior Court Criminal Case No. 2212001375.
[2]  D.I. 28.
[3]  Superior Court Criminal Docket, *State v. Louis Myers*, Case No. 2212001375 at 1.
[4]  D.I. 1, Adult Complaint and Warrant, *State v. Louis Myers*, Case No. 2212001375, at Ex. B.

vehicle with New Jersey registration into Delaware.[5]  When DSP officers located the vehicle on Marsh Road, the operator of the vehicle ignored police commands to stop the vehicle and committed numerous traffic offenses, eventually fleeing at a high rate of speed to avoid detention.[6]  Eventually, DSP officers were able to flatten one or more tires of the vehicle, and once the vehicle became inoperable, the operator jumped out of the vehicle.[7]  The operator was apprehended and told the police his name was "Jalen Green."[8]  The DSP officers eventually identified the vehicle operator as the Defendant, Louis Myers.

The DSP officers searched the Defendant after he was detained, and they located and seized more than fifty suspected ecstasy pills.[9]  The DSP officers next searched the vehicle, and they found and seized from the driver's side door panel a black and silver Ruger semi-automatic handgun with an extended magazine, loaded with nineteen rounds of hollow-point ammunition.[10]

On March 13, 2023, a New Castle County grand jury indicted Defendant.[11] On May 26, 2023, at Defendant's request, Defendant's appointed counsel filed a

---

[5] *Id.* The same vehicle was reported to have been forcibly taken on November 24, 2022 during an alleged carjacking which occurred in Newark, Delaware.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] D.I. 3, Indictment.

Motion to Withdraw.[12] On June 5, 2023, during a Superior Court Motion calendar, this Court granted counsel's Motion to Withdraw; Defendant executed a waiver of counsel form;[13] and after completing an extensive colloquy, this Court granted Defendant the right to represent himself.[14]

On July 10, 2023, Defendant filed a Motion to Suppress.[15] On August 28, 2023, The State filed its Response to the Motion to Suppress,[16] and this Court scheduled a suppression hearing for September 20, 2023.[17] On September 11, 2023 at final case review, Defendant pled guilty to Possession of a Deadly Weapon (firearm) by a Person Prohibited; Receiving Stolen Property > $1,500 (felony); and Disregarding a Police Officer Signal. Sentencing was deferred pending a Presentence Investigation, and Defendant's bail was revoked.[18]

On December 15, 2023, this Court sentenced Defendant to an aggregate term of nineteen years Level V, suspended after serving five years Level V (mandatory, pursuant to 11 *Del. C.* § 1448(e)(1)(b)), followed by Level III probation.[19] The Defendant did not appeal his conviction and sentence.

---

[12] D.I. 11.
[13] *Id.*
[14] During the motion hearing, Defendant told the Court he was competent to represent himself; acknowledged he had a right to be represented by counsel; and expressly affirmed he was knowingly, voluntarily, and intelligently waiving his right to counsel.
[15] D.I. 12.
[16] D.I. 14.
[17] D.I. 13.
[18] D.I. 17, Commitment.
[19] D.I. 22, Sentence Order.

On February 26, 2024, Defendant filed a *pro se* Motion for Postconviction Relief ("Motion").[20] In the Motion, Defendant raises three claims: first, he claims he was not adjudicated within one hundred and twenty days of indictment in violation of the Superior Court's speedy trial guidelines; second, he claims "the State did not grant [him] a hearing for [his] motion to suppress evidence before final case review;" and finally, Defendant raises an ineffective assistance of counsel claim, asserting appointed counsel "refused to file motions of any kind or establish a defense which forced [him] to eventually make efforts to do so *pro se*."[21]

## DISCUSSION

### a. Procedural Bars

Superior Court Criminal Rule 61 provides an individual with a limited opportunity to seek postconviction relief.[22] The purpose of postconviction relief is "to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[23] Before considering the merits of any postconviction relief motion, this Court must first apply Rule 61's procedural bars.

---

[20] D.I. 24.
[21] *Id.* at 3.
[22] *State v. Washington*, 2021 WL 5232259, at *4 (Del. Super. Nov. 9, 2021), *aff'd, Washington v. State,* 275 A.3d 1258 (Del. 2022).
[23] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

Rule 61(i) prohibits the Court from considering motions for postconviction relief that are untimely,[24] repetitive,[25] procedurally defaulted,[26] and/or formerly adjudicated.[27]

This is Defendant's first Motion, and it was timely filed on February 26, 2024, just more than two months after this Court imposed sentence. Therefore, the procedural bars of Rule 61(i)(1) and (2) are inapplicable. However, Rule 61(i)(3) prohibits the filing of "any ground for relief not asserted in the proceedings leading to the judgment of conviction . . . unless the movant shows (A) cause for relief from the procedural default, or (B) prejudice from a violation of the movant's rights."[28] Applying Rule 61(i)(3) to Defendant's Motion, it is apparent Defendant's claims are procedurally defaulted because he did not assert them in the proceedings leading to the judgment of conviction, and he has not demonstrated cause for relief from the procedural default nor prejudice from an alleged violation of his rights.[29]

As this Court has consistently held, "to protect the procedural integrity of Delaware's Rules, this Court will not consider the merits of a postconviction claim

---

[24] Super. Ct. Crim. R. 61(i)(1).
[25] Super. Ct. Crim. R. 61(i)(2).
[26] Super. Ct. Crim. R. 61(i)(3).
[27] Super. Ct. Crim. R. 61(i)(4).
[28] Super. Ct. Crim. R. 61(i)(3).
[29] The procedural default in Rule 61(i)(4) is inapplicable. Additionally, Defendant has not met the strict pleading requirements stated in Rule 61(i)(5) which could, under specific circumstances, provide him relief from Rule 61(i)(3)'s procedural default.

that fails *any* of Rule 61's procedural hurdles."[30]  Therefore, because Defendant's Motion is procedurally defaulted pursuant to Rule 61(i)(3), I recommend Defendant's Motion be summarily dismissed as procedurally barred.

### b. **Defendant's claims are substantively meritless.**

Assuming for the sake of argument that this Court were to reach the merits of Defendant's claims, these claims remain meritless.  As to Defendant's first two claims – (a) that he was not timely adjudicated when considering this Court's speedy trial guidelines and (b) he was not granted a hearing on his motion to suppress, these claims were waived the moment Defendant entered a plea at final case review on September 11, 2023.  The Delaware Supreme Court has "long held that a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of [a] plea."[31]  And here, based on the September 11, 2023 plea colloquy with this Court and Defendant's answers on the Truth and Sentencing Guilty Plea Form, it is undisputed Defendant "freely and voluntarily decided to plead guilty to the charges listed in [his] written plea agreement."[32]  Defendant's first two claims are meritless.

---

[30]  *State v. Page*, 2009 WL 1141738, at *13 (Del. Super. Apr. 28, 2009) (emphasis added).

[31]  *See Johnson v. State*, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008), *citing Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *also see Alexander v. State*, 2008 WL 4809624 (Del. Nov. 5, 2008).

[32]  See D.I. 29, Transcript of September 11, 2023 plea colloquy at 16:12-15; also see September 11, 2023 Truth-in-Sentencing Guilty Plea Form executed by Defendant.  Defendant does not claim his plea was involuntarily entered.

As to Defendant's final claim, he argues prior appointed counsel provided ineffective representation because she "refused to file motions of any kind or establish a defense which forced him to eventually make efforts to do so *pro se*." The record does not support Defendant's claim.

First, while the Defendant suggests prior counsel failed to file motions on his behalf, counsel filed a Motion to Withdraw at Defendant's request so that he could represent himself. In fact, during the motion hearing, the Court directly asked Defendant, "Ok, so you directed your counsel to file a motion because you want to represent yourself? Is that correct?" Defendant responded "yes."[33] And, at no point during the hearing to consider the motion to withdraw as counsel on June 5, 2023, or the entry of the plea on September 11, 2023, did Defendant assert prior counsel refused to file motions on his behalf or that he in any way felt forced or compelled to represent himself. In fact, during the waiver of appointed counsel colloquy on June 5, 2023, when asked if he was "knowingly, intelligently and voluntarily waiving [his] right to a lawyer?" Defendant responded "yes."

Second, Defendant was scheduled for and participated in a first case review on July 3, 2023,[34] and he filed a Motion to Suppress on July 10, 2023.[35] The State

---

[33] June 5, 2023 Superior Court Criminal Motion Calendar – Tiffany Anders, Esquire's Motion to Withdraw as Counsel.
[34] D.I. 11.
[35] D.I. 12.

filed its response to the Motion to Suppress on August 24, 2023,[36] and this Court scheduled a suppression hearing for September 20, 2023.[37] But, because Defendant knowingly, intelligently and voluntarily pled guilty, on September 15, 2023 this Court expressly held the Motion to Suppress was moot.[38] Defendant's ineffective assistance of counsel claim is meritless. Defendant has failed to identify specific conduct by prior counsel which prejudiced him.[39]

## CONCLUSION

For all of the aforestated reasons, I recommend the Motion for Postconviction Relief should be **SUMMARILY DISMISSED.**

**IT IS SO RECOMMENDED.**

/S/ Martin B. O'Connor
Commissioner

oc:    Prothonotary

---

[36] D.I. 14.
[37] D.I. 13.
[38] D.I. 15.
[39] *See generally Strickland v Washington*, 466 U.S. 668, 687 (1984).