**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2111006802 |
| | ) | |
| | ) | |
| EDWARD BRITTINGHAM, | ) | |
| Defendant. | ) | |

Submitted: January 27, 2025
Decided: February 28, 2025

### COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF BE SUMMARILY DISMISSED

This 28th day of February, 2025, upon consideration of Defendant Edward Brittingham's ("Defendant") December 23, 2024 Motion for Postconviction Relief, Defendant's Memorandum of Law in Support of Motion for Postconviction Relief, Defendant's Motion for Expansion of the Record in Support of his Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## I. BACKGROUND

On November 13, 2021 at approximately 3:30 p.m., Dagoberto Moreno-Flores returned from a shopping trip with his family to his residence at 2317 Farrand Drive, Wilmington, Delaware.[1] Upon arrival, he saw a man later identified as the

---

[1] *State v. Brittingham*, Case No. 2111006802, Adult Complaint and Warrant, Exhibit B, ¶ 2.

1

Defendant standing inside the living room of his residence.[2] The homeowner called 911.[3] As the homeowner approached the Defendant, the Defendant ran out the back door of the home.[4] A struggle ensued.[5] After the homeowner pushed Defendant to the ground, the Defendant grabbed a "white cement brick off the ground and attempted to strike" the homeowner with the brick.[6] The homeowner eventually disarmed Defendant, and after doing so he saw a canister containing $400.00 fall out from under the Defendant's shirt.[7] The homeowner recognized the canister and later advised the police that the canister was previously located in a bedroom of his residence.[8] When the police arrived, Defendant was arrested in the front yard of the residence for burglary and related offenses.[9]

## II.    PROCEDURAL HISTORY

On November 13, 2021, the Defendant was arrested by officers from the New Castle County Police Department and charged with Burglary Second Degree, Possession of a Deadly Weapon During the Commission of a Felony, Aggravated Menacing, Theft under $1,500.00, and Offensive Touching.[10] On July 11, 2022, a

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.,* ¶ 4.
[10] *Id.*

New Castle County Grand Jury indicted Defendant for Burglary First Degree; Aggravated Menacing; Possession of a Deadly Weapon During the Commission of a Felony; Offensive Touching; and Theft under $1,500.00.[11] On February 23, 2023, Defendant pled guilty to Burglary First Degree and pled no contest to Aggravated Menacing.[12] On January 30, 2020, this Court sentenced Defendant to an aggregate term of sixteen years at Level V, suspended after serving five years Level V, followed by probation.[13]

Defendant filed a direct appeal, claiming the Superior Court abused its discretion and violated his Due Process rights by relying on false information when sentencing him.[14] Specifically, Defendant argued the prosecutor made false statements during the State's proffer to substantiate a factual basis for his no contest plea to the Aggravated Menacing charge -- that he refused to leave the residence he broke into when the homeowner returned to the residence, and the Court relied on those false statements when it imposed sentence.[15] In the context of Defendant's appeal, the Delaware Supreme Court considered whether the sentence of this Court was lawful.[16] Upon reviewing the record, the Delaware Supreme Court affirmed

---

[11] D.I. 12, Indictment.
[12] D.I. 41, Plea Agreement.
[13] D.I. 23, Sentence Order.
[14] *Brittingham v. State*, 2023 WL 8596487, at *1 (del. Supr. Dec. 11, 2023).
[15] *Id.*
[16] *Id.*

3

Defendant's conviction and sentence, holding the prosecutor's sentencing comments did not influence this Court's lawful sentence.[17]

On December 23, 2024, Defendant filed a Motion for Postconviction Relief ("Motion") Pursuant to Superior Court Criminal Rule 61,[18] a Memorandum of Law in Support of the Motion for Postconviction Relief ("Memorandum"),[19] and a Motion to Expand the Record in Support of the Motion for Postconviction Relief.[20] For the reasons discussed *infra*, I recommend Defendant's Motion to Expand the Record and Motion for Postconviction Relief be summarily dismissed.

## III.  DISCUSSION

### 1.  MOTION FOR EXPANSION OF THE RECORD

Rule 61 allows for the expansion of the record in a postconviction proceeding so this Court may consider "additional materials relevant to the determination of the merits of the motion."[21]  Here, Defendant seeks to expand the record to include unidentified *Brady* materials as well as a transcript of the Grand Jury proceeding which resulted in his Indictment.[22]

---

[17]  *Id.* at *2.
[18]  D.I. 45, Motion for Postconviction Relief.
[19]  D.I. 46, Memorandum of Law in Support of Motion for Postconviction Relief.
[20]  D.I. 47, Motion to Expand the Record.
[21]  Super. Ct. Crim. R. 61(g)(1).
[22]  D.I. 47, Motion for Expansion of Record in Support of Motion for Postconviction Relief ("Motion to Expand Record") ¶¶ 4, 6.

As to the *Brady* request, Defendant has failed to identify any specific *Brady* material in the possession of the State which the State failed to produce. Under these circumstances, Defendant has failed to demonstrate any value in expanding the record for his belief that the State withheld exculpatory evidence from him.

Defendant also asks this Court to expand the record to include "the transcripts of the Grand Jury testimony regarding [this] case."[23] In this regard, Superior Court Criminal Rule 6(e) provides "Proceedings, except when the Grand Jury is deliberating or voting, may be recorded stenographically or by an electronic recording device only with the approval of the Court."[24]

In Delaware, Grand Jury proceedings are neither recorded nor transcribed in the ordinary course, a fact which was discussed in *State v. Ponzo* in September of 2023. The Superior Court judge noted that this "Court has not exercised its discretion to approve a request to record grand jury proceedings since it adopted both rules in their current form in 1992."[25] That remains the status quo today, and there are no recordings of Defendant's Grand Jury proceeding which this Court approved that can be produced or transcribed. Therefore, Defendant's request to expand the record to obtain transcripts of Grand Jury testimony cannot be granted, as the information he seeks does not exist in any form.

---

[23] *Id.*, ¶ 6.
[24] Super. Ct. Crim. R. 6(e)(1).
[25] *State v. Ponzo*, 302 A.3d 1006, 1008 (Del. Super. Sept. 5, 2023).

As a result of the foregoing, I recommend Defendant's Motion to Expand the Record be denied.

## 2. MOTION FOR POSTCONVICTION RELIEF

### a. Defendant's Claim.

Defendant raises one postconviction claim – that "counsel was ineffective for fail[ing] to file a motion to dismiss for prosecutorial misconduct when Deputy Attorney General Dominick Carrera presented misleading and perjured testimony before the Grand Jury and this Court at sentencing."[26]

As Defendant explained in his Memorandum, this claim came to his attention at the sentencing proceeding, when he "became aware that the State's deputy attorney general submitted perjured testimony before the Grand Jury." Defendant explains when the State "was giving its proffer of evidence during the guilty plea colloquy," the prosecutor stated "Mr. Dagoberto and his wife and child came home to find that their house was occupied by Mr. Brittingham who had unlawfully entered the house and Mr. Dagoberto attempted to get him to leave, which he did not so, so he remained unlawfully within the occupied dwelling at that time."[27]

Defendant also assumes, as an extension of his argument but without any evidence, that the prosecutor was "deliberately and intentionally presenting perjury

---

[26] D.I. 45, Motion at p. 3.
[27] D.I. 46, Memorandum at p. 2.

6

to the Grand Jury in this effort at manufacturing the elements of 'remains unlawfully' and 'occupied dwelling' by placing the defendant and Mr. Dagoberto inside the residence at the same time knowing these statements to be false and during its proffer of evidence before this Court during [the] guilty plea colloquy."[28]

### b. Application of Procedural Bars.

Before considering the merits of any postconviction claim, this Court must first determine whether any of Rule 61's procedural bars are applicable.[29] Under Rule 61, a postconviction motion can be procedurally barred for being untimely filed, successive, procedurally defaulted, and/or subject to former adjudication.[30]

Here, upon review, the procedural bars are inapplicable. This is Defendant's first, timely filed Motion. It is not procedurally barred pursuant to Rule 61(i)(3) because Defendant's ineffective assistance of counsel claim could not have been raised at any earlier stage in the proceeding,[31] and this claim was not formerly adjudicated.[32] As Defendant's claim is not impeded by a procedural bar, I will now address its merit.

---

[28] D.I. 46, Memorandum at p. 2.
[29] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[30] *See* Super. Ct. Crim. R. 61(i)(1)-(4).
[31] *See Green v. State*, 230 A.3d 160, 175-76 (Del. 2020); *Saab v. State*, 2021 WL 2229631 at *2 (Del. May 18, 2021); *Whittle v. State*, 2016 WL 2585904 at *3 (Del. April 28, 2016).
[32] *See generally* Super. Ct. Crim. R. 61(i)(4).

### c. Ineffective Assistance of Counsel.

The crux of Defendant's postconviction claim is that his counsel was ineffective for failing to file a motion to dismiss due to "prosecutorial misconduct," because he now believes the prosecutor provided perjured testimony to the Grand Jury in support of his Indictment and/or misrepresented the facts to this Court at sentencing. As is explained below, Defendant's claim is meritless and should be summarily dismissed.

In a postconviction proceeding where a defendant is convicted after a trial, a defendant is required under *Strickland v. Washington* to "show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense . . . that counsel's errors were so serious as to deprive the Defendant of a fair trial."[33] But when a defendant alleges ineffective assistance of counsel in the context of the entry of a guilty plea, as occurred here, "the defendant must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[34] The record before this Court does not support Defendant's claim.

First, the Defendant never claims in his Motion or Memorandum that but for the alleged ineffectiveness of counsel, he would not have pled guilty but instead

---

[33] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[34] *MacDonald v. State,* 778 A.2d 1064, 1075 (Del. 2010) (*citing Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

8

insisted on going to trial. In fact, Defendant does not deny burglarizing the homeowner's residence or being inside the home when the homeowner observed him in the living room of the residence. He was caught in the act of committing a burglary, and the police arrested him on scene. Second, the Defendant received a very favorable plea. During the plea colloquy, the State informed this Court: (a) the plea resolved Defendant's current set of charges[35] as well as a pending Violation of Probation,[36] (b) it would not recommend Defendant serve more than five years imprisonment, and (c) it would not seek to have Defendant sentenced as a habitual criminal, despite his eligibility for same.[37]

Finally, the Defendant knowingly, intelligently and voluntarily entered a plea to Burglary First Degree. Specifically, the Court and Defendant engaged in the following colloquy regarding the Burglary First Degree charge:

> **The Court:** Okay. How about I read the burglary first charge again and you can let me know how you'd like to plead to that, Okay?
> **Defendant:** Okay.
> **The Court:** For Burglary First Degree, you, on or about the 13[th] day of November, 2021, in the County of New Castle, State of Delaware, did knowingly enter or remain unlawfully in an occupied dwelling located at 2317 Farrand Drive, Wilmington, with the intent to commit the crime of theft therein.
> Do you understand this charge?

---

[35] D.I. 32, Transcript of Plea and Sentencing "Transcript" at 4:6-18.
[36] *Id. Also see* D.I. 21, Plea Agreement.
[37] D.I. 32, Transcript. The Truth in Sentencing Guilty Plea form, which was signed by the Defendant, indicates he has fourteen prior felony convictions -- four convictions for Burglary Second Degree; five convictions for Burglary Third Degree; one conviction for Theft of a Senior; one conviction for Attempted Theft; one conviction for Theft; and two convictions for Escape Second Degree. *See* D.I. 21, Plea Agreement and Truth in Sentencing Guilty Plea form.

**Defendant:**  Yes, your honor.
**The Court:**  And how do you wish to plead to that charge?
**Defendant:**  Guilty.
**The Court:**  Okay, I find that your plea is made knowingly, intelligently and voluntarily and I will accept it.[38]

In addition to the fact that Defendant cannot establish ineffective assistance of counsel (i.e., that he would not have pled guilty but instead would have insisted on going to trial), the Delaware Supreme Court has "long held that a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of [a] plea."[39] Once the Defendant entered a knowing, voluntary and intelligent plea, he waived any and all ineffective assistance of counsel claims.

Finally, during the plea colloquy[40] and as was indicated on the Truth in Sentencing Guilty Plea form,[41] Defendant stated he was satisfied with counsel's representation. And during the sentencing hearing, the Defendant went so far as to apologize to "the Court, Mr. Weiler, to everybody, you know, for being here."[42]

---

[38] D.I. 32, Transcript at 19:4-21.
[39] *Johnson v. State*, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008), *citing Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *also see Alexander v. State*, 2008 WL 4809624 (Del. Nov. 5, 2008); *State v Charriez*, 2009 WL 806585, at *2 (Del Super. Feb. 10, 2009); *Ways v. State*, 2013 WL 5569198, at *1 (Del. Oct. 7, 2013).
[40] D.I. 32, Transcript at 13:8-12.
[41] D.I. 21.
[42] D.I. 32, Transcript at 29:3-4.

**CONCLUSION**

Defendant's ineffective assistance of counsel claim – that counsel was ineffective for failing to file a motion to dismiss for prosecutorial misconduct – fails because (a) Defendant failed to demonstrate that there was a reasonable probability that but for counsel's errors he would have rejected the plea and insisted on going to trial; and (b) Defendant waived any postconviction ineffective assistance of counsel claim upon his entry of a knowing, intelligent and voluntary plea.[43]  Therefore, I recommend Defendant's Motion to Expand the Record be **DENIED**, and that Defendant's Motion for Postconviction Relief be **SUMMARILY DISMISSED** as meritless.

**IT IS SO RECOMMENDED.**

> */s/ Martin B. O'Connor*
> The Honorable Martin B. O'Connor

oc:    Prothonotary
       Dominick Carrera, Deputy Attorney General
       Timothy Weiler, Esquire
       Edward Brittingham (SBI # 00135632)

---

[43] *Charriez*, 2009 WL 806585, at *2.